CADES SCHUTTE
A Limited Liability Law Partnership

PATRICIA J. MCHENRY        4267-0
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4212
Telephone:  (808) 521-9200
FAX:  (808) 521-9210
Email:  pmchenry@cades.com

Attorney for Defendant
BANK OF AMERICA CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRIDGET DIAS, an individual,<br><br>　　　　Plaintiff.<br><br>　　v.<br><br>QUICKEN LOANS INC., a Michigan corporation; BANK OF AMERICA CORPORATION, a Delaware Banking corporation formerly known as COUNTRYWIDE BANK FSB; and DOES 1-100, inclusive,<br><br>　　　　Defendants. | CIVIL NO. CV10-00463 SOM-LEK<br><br>DEFENDANT BANK OF AMERICA CORPORATION'S MOTION TO DISMISS COMPLAINT FILED AUGUST 11, 2010; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF PATRICIA C. McHENRY; EXHIBITS "A" – "D"; CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.5; CERTIFICATE OF SERVICE |

## DEFENDANT BANK OF AMERICA CORPORATION'S MOTION TO DISMISS COMPLAINT FILED AUGUST 11, 2010

Defendant BANK OF AMERICA CORPORATION ("BofA"), by and through their undersigned attorney, respectfully move this court for an order dismissing Plaintiff BRIDGET DIAS' ("Plaintiff") Complaint filed herein on August 11, 2010 ("Complaint"), attached hereto as Ex. "A," for the following reasons: failure to state a claim upon which relief can be granted, failure to join a required party under Rule 19 of the Federal Rules of Civil Procedure ("FRCP"), insufficient process, and insufficient service of process.

Plaintiff has filed this action in an attempt to stop or stall a non-judicial foreclosure of a mortgage loan. Although the allegations in the Complaint are vague and conclusory, the thrust of the Complaint appears to be that a number of violations occurred when the loans at issue were consummated. BofA was not the originating lender of the mortgage loans, does not service the mortgage loans, and does not own the notes affiliated with the mortgage loan. It remains unclear, therefore, what exactly Plaintiffs are alleging that BofA did wrong.

There are numerous other problems with the Complaint. First, Plaintiff alleges various injunctive and/or declaratory relief as independent causes of action —notwithstanding the fact the such "claims" are not claims at all, but remedies—and fails to state a cognizable claim upon which their injunctive and/or declaratory relief can be granted. Second, Plaintiff's implied covenant of good

faith and fair dealing claim, Real Estate Settlement and Procedures Act claim, breach of fiduciary duty claim, unconscionability claim, predatory lending claim, and claims based on the securitization of the mortgage do not create independent causes of action.  Third, Plaintiff's claims for damages and rescission under the Truth in Lending Act, 15 U.S.C. § 1601, et. seq., are time-barred, as is Plaintiff's unfair and deceptive acts and practices claim as to one of the loans.  Fourth, Plaintiff's unfair and deceptive acts and practices claim as to the second loan fails for insufficiency of pleading the elements of a unfair and deceptive acts and practices claim.  Fifth, all allegations sounding in fraud fall far short of satisfying the heightened pleading requirements of Federal Rules of Civil Procedure ("FRCP") Rule 9(b).  And sixth, most, if not all, allegations contained in the Complaint, are vague, conclusory, and unsupported by factual allegations sufficient to state a claim for relief that is plausible on its face in violation of FRCP Rule 8.  The claims in the Complaint cannot survive a motion to dismiss.

        In addition to the problems with the claims made by the Complaint, the Complaint is defective for its failure to join a required party.  Because he is a co-borrower on the mortgage loans at issue in this case, Plaintiff's ex-husband, Jerome Dias ("Mr. Dias"), will be affected by this court's determination of Plaintiff's action.  Because Mr. Dias' rights will be affected by any determination

this Court makes, the Complaint should be dismissed for failure to join a required party.

Finally, the Complaint should be dismissed because the Summons issued by this court and dated August 11, 2010 ("Summons") names BofA as a defendant.  BofA was not the originator of Plaintiff's mortgage loans, does not service the mortgage loans, and does not own the notes affiliated with the mortgage loans.  Because BofA was incorrectly named in Plaintiff's Summons and the Summons was incorrectly served on BofA, BofA asks that this court dismiss the Complaint for insufficient process and insufficient service of process or to quash the Summons.

This motion is brought pursuant to FRCP Rules 9(b), 12(b)(4), 12(b)(5), 12(b)(6), and 12(b)(7) and is supported by the attached memorandum, declaration, and exhibits; the files and pleadings in this case; and any evidence or arguments as may be presented at the hearing on this matter.  Pursuant to Local Rule 12.1, BofA will separately submit two courtesy copies of the Complaint for the Court.

DATED:  Honolulu, Hawaii, October 26, 2010.

                    CADES SCHUTTE
                    A Limited Liability Law Partnership

                    /s/ Patricia J. McHenry
                    PATRICIA J. MCHENRY
                    Attorney for Defendant
                    BANK OF AMERICA CORPORATION